OPINION OF THE COURT
Lee L. Holzman, J.
This application raises the question as to whether this court is the proper venue for the original probate of the will of a *413 foreign domiciliary based upon the fact that the decedent had a lawsuit pending in the Supreme Court of Bronx County at his death. The court holds that, even though a chose in action is deemed personal property of the decedent, it is not deemed to have a situs in any particular county, and, consequently, the proper venue for this proceeding is Nassau County where property of the decedent is located (SCPA 206).
The decedent was a United States citizen domiciled in the State of Israel. No proceedings in his estate have been instituted in Israel nor are any contemplated. The decedent had no corporeal assets in Bronx County. However, the decedent was the plaintiff in a lawsuit arising from an accident which occurred in Bronx County on December 31, 1992 when the decedent was struck by a New Jersey bus. He was confined to a nursing home for the rest of his life and died in Israel on December 15, 1998 allegedly as a result of his injuries. The petitioning nominated executor is a son of the decedent who seeks letters testamentary primarily for the purpose of pursuing the negligence litigation.
The propounded instrument provides that the entire residuary is to go to a grantor trust established on the day prior to the date on which the will was executed. The decedent kept the trust assets, valued at more than $400,000, in a brokerage account in Nassau County where they remain. The proponent alleges that the causes of action pending in Bronx County will ultimately be worth far more than the trust assets in Nassau County; that the assets in the revocable trust are not subject to probate; and that, since the petitioner’s choice of venue is proper, this court should retain jurisdiction pursuant to SCPA 206 (2).
SCPA 206 provides that the Surrogate’s Court of any county has jurisdiction over the estate of a nondomiciliary who leaves property in the State or a cause of action for wrongful death against a domiciliary of the State. Although a chose in action is included in the statutory definition of personal property (SCPA 103 [44]), it is not deemed to be located in any particular county. Thus, the proper venue for proceedings relating to a nondomiciliary decedent who left a cause of action for wrongful death is the domicile of the person against whom the nondomiciliary had the cause of action rather than the county where the acts occurred on which the cause of action is based (SCPA 206 [1] [c]). Similarly, SCPA 208 (1) provides that a cause of action in favor of a nondomiciliary against a domiciliary defendant is deemed personal property, for jurisdictional purposes, *414 in the county where the defendant domiciliary “resides, or if other than a natural person, such domiciliary has its principal office”. Thus, our statutory scheme reflects the proper venue for the administration of the estate of a nondomiciliary is the county where the defendant is domiciled rather than the county where the nondomiciliary decedent might have commenced a lawsuit prior to death.
Here, the defendant does not appear to have a presence in any county in New York and there is no doubt that Nassau County is a proper venue by virtue of the significant revocable trust assets of the decedent located there. Accordingly, and with the consent of that court, the proceeding is transferred to the Surrogate’s Court of Nassau County (SCPA 206 [3]). The Chief Clerk of this court shall arrange for the transfer of this file to the Chief Clerk of the Surrogate’s Court of Nassau County. Of course, a different result might be required if the decedent had not left any property within any county in New York and the defendant had no presence in New York.